IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 13-cv-01860-RM-MJW

MICHAELEE OWEN,
JEANINE ROYBAL, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization, and
COLORADO ASSOCIATION OF THE DEAF, a Colorado non-profit organization,

    Plaintiffs,

v.

KIRK TAYLOR, in his official capacity as Sheriff of Pueblo County, Colorado, and
THE CITY OF PUEBLO, COLORADO, INCLUDING ITS POLICE DEPARTMENT,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER ( Docket No. 28-1 )

---

    The parties, by and through their respective counsel, hereby agree to the following Stipulated Protective Order and request that it be entered as an Order of the Court.

    Upon a showing of good cause in support of the entry of a protective order to protect the disclosure and discovery of confidential information in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" may be information in which a party has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure, specifically including but not limited to medical information, as well as proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, security and similar information treated or considered by a Party, whether by policy or practice, to be confidential or proprietary. Nothing in this order is intended to waive any argument that information designated as confidential, including but not limited to medical or records of disability, is not confidential information nor prevent a party from taking a position or advancing an argument that confidentiality of any record has been waived by placing that information into issue by claims or defenses raised in this case.

CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

2

c. the parties, including designated representatives including insurance and/or self-insurance representatives for the entity parties or parties sued in their official capacity;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. the Court and its employees ("Court Personnel");

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents and witnesses who have been disclosed pursuant to Fed. R. Civ. P. 26; and

h. other persons by written agreement of the parties.

4. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

3

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Counsel for the party producing any information that will be designated CONFIDENTIAL shall review the information and, prior to designating such information CONFIDENTIAL, shall certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is in fact confidential or otherwise entitled to protection.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice within 30 days of the designation of confidentiality or as to depositions within 30 days of service of the transcript of the deposition to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion [consistent with D.C.COLO.LCivR 7.2] requesting that the Court determine whether the disputed information

4

[handwritten initials and date: MJW 12-2-13]

should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall retain their designation of confidentiality. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 2nd day of December, 2013.

BY THE COURT

Michael J. Watanabe
United States Magistrate Judge